**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4485**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

JOSE JESUS MIRANDA-MARTINEZ,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Catherine C. Eagles,
District Judge.  (1:11-cr-00385-CCE-1)

_____

Submitted:  January 18, 2013         Decided:  January 24, 2013

_____

Before DUNCAN, DAVIS, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Anne R. Littlejohn, LAW OFFICE OF ANNE R. LITTLEJOHN,
Greensboro, North Carolina, for Appellant.  Ripley Rand, United
States Attorney, Joanna G. McFadden, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Jesus Miranda-Martinez ("Miranda") pled guilty to illegally reentering the United States after having been removed following conviction for a felony, in violation of 8 U.S.C. § 1326(a), (b)(1) (2006). The district court sentenced Miranda to thirty-nine months' imprisonment, a sentence resulting from the court granting an upward departure under U.S. Sentencing Guidelines Manual ("USSG") § 4A1.3(a), p.s. (2011), from his advisory Guidelines range of thirty to thirty-seven months' imprisonment. On appeal, Miranda challenges this sentence, arguing that the district court abused its discretion in imposing it. We affirm.

As we have explained, "no matter what provides the basis for a deviation from the Guidelines range[,] we review the resulting sentence only for reasonableness." United States v. Evans, 526 F.3d 155, 164 (4th Cir. 2008). In doing so, we apply an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In assessing a sentencing court's decision to depart from a defendant's Guidelines range, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). We will find a sentence to be unreasonable

if the sentencing court "provides an inadequate statement of reasons or relies on improper factors in imposing a sentence outside the properly calculated advisory sentencing range." Id.

Miranda argues that the district court erred in imposing the upward departure because there is nothing "unusual" in his criminal history warranting imposition of the departure and because the court erroneously considered his prior arrest record, in violation of USSG § 4A1.3(a)(3), p.s. However, because Miranda fails to present these arguments in accordance with Fed. R. App. P. 28(a)(9)(A) ("[T]he [appellant's] argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."), we deem them waived. Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 607 (4th Cir. 2009).

Next, we reject on review for plain error Miranda's challenge—premised on the district court's consideration of sentences for his prior misdemeanor convictions not assigned criminal history points on account of the age and nature of the convictions—to the court's imposition of the upward departure. The district court properly relied on the sentences Miranda received for misdemeanor offenses for which he was assigned no criminal history points in determining that an upward departure was warranted. USSG § 4A1.3(a)(2)(A), p.s.

3

Finally, Miranda challenges the reasonableness of the district court's decision to impose the thirty-nine-month sentence. However, we conclude after review of the record that the court's sentencing decision is reasonable in light of Miranda's long history of recidivism, which reflects his disrespect for the law, and the need for the sentence to protect the public. The court's consideration of relevant 18 U.S.C. § 3553(a) (2006) factors and articulation of its reasons for departing from the Guidelines range support our decision to defer to the district court's determination as to the extent of the departure. See United States v. Diosdado-Star, 630 F.3d 359, 366-67 (4th Cir.), cert. denied, 131 S. Ct. 2946 (2011) (affirming substantive reasonableness of variance sentence six years greater than the Guidelines range because it was based on the district court's examination of relevant § 3553(a) factors); see also United States v. Angle, 598 F.3d 352, 359 (7th Cir. 2010) ("All that matters is that the sentence imposed be reasonable in relation to the 'package' of reasons given by the court.").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED